**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

ENHANCED RECOVERY CORP.,
etc.,
         Plaintiff,

vs.                                                              Case No. 3:05-cv-1138-J-32MMH

CENVEO, INC., etc.,

         Defendant.

**ORDER[1]**

Plaintiff Enhanced Recovery Corp. ("ERC") filed this three count complaint in state court on October 12, 2005 alleging breach of contract, fraud and negligent misrepresentation. Defendant Cenveo, Inc. ("Cenveo") timely removed the case to this Court based on diversity jurisdiction. Cenveo has now filed a Motion to Dismiss on the Basis of Improper Venue or, in the Alternative, to Transfer Venue (Doc. 8). Cenveo filed a memorandum of law and an affidavit with exhibits in support (Docs. 9, 10) and ERC filed a memorandum of law and an affidavit in opposition (Docs. 20, 21).

**I. Motion to Dismiss on the Basis of Improper Venue**

Pursuant to 28 U.S.C. § 1391(a), venue is proper in a diversity action, in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought."

Cenveo argues that because it is a Colorado corporation, only the second subsection, § 1391(a)(2), could apply and that venue would therefore only be proper if a substantial part of the events or omissions giving rise to the claim occurred in this District. However, pursuant to 28 U.S.C. § 1391(c), "[f]or purposes of venue under this section, a defendant that is a corporation <u>shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced</u>." 28 U.S.C. § 1391(c) (emphasis supplied). Here, Cenveo, a corporation, has not argued that it is not subject to the personal jurisdiction of this District and, based on the parties' history of business dealings as described in both parties' papers, as well as the unrebutted evidence that Cenveo maintains a business address and telephone number in Jacksonville, Florida, the Court finds that Florida's long-arm statute and the due process requirements of the Fourteenth Amendment are satisfied and that venue is therefore proper in this District pursuant to 28 U.S.C. § 1391(a)(1). <u>See</u> <u>Control Laser Corp. v. Rocky Mountain Instrument Co.</u>, 130 F.Supp.2d 1344, 1345 (M.D. Fla. 2000). The Court additionally finds that based on the parties' business dealings, "a substantial part of the events or omissions giving rise to the claim occurred" in this District, thus rendering venue proper here pursuant to 28 U.S.C. § 1391(a)(2). While Cenveo raises several reasons why Colorado might be (in its view) a preferable venue, that does not mean that venue here is improper. Cenveo's motion to dismiss based on improper venue is denied.

## II. Motion to Transfer Venue

Cenveo alternatively moves to transfer venue to Colorado, arguing that the parties' contract contains a forum selection clause and that the convenience of the parties and witnesses and interests of justice all counsel toward transfer to Colorado. First, the provision in the parties' contract upon which Cenveo relies states, "The laws of the State of Colorado shall govern the validity, performance and enforcement of this Agreement." See Doc. 2 (Complaint) at Exhibit A. Nothing in this clause directs that any litigation over the contract must be heard in Colorado; rather, under this contract, a Court adjudicating disputes regarding the validity, performance and enforcement of the agreement will apply the law of Colorado. This Court can do that. Second, while Cenveo explains that Colorado is a more convenient forum for its witnesses and that its documents and offices are there, ERC states that its witnesses, documents and offices are here. Thus, one party will be inconvenienced regardless of the forum. A "plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations." Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253, 260 (11th Cir. 1996) (citations omitted). Cenveo's motion to transfer venue is due to be denied.

## III. Conclusion

Accordingly, it is hereby

**ORDERED**:

Defendant's Motion to Dismiss on the Basis of Improper Venue or, in the Alternative, to Transfer Venue (Doc. 8) is **DENIED**. The Court has under review the parties' Case Management Report (Doc. 23) and will separately issue a Case Management and

Scheduling Order shortly.

**DONE AND ORDERED** at Jacksonville, Florida this 24th day of January, 2006.

*[signature]*
TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:

counsel of record